**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**FORT LAUDERDALE DIVISION**
**CASE NO. 26-cv-26576-KUNTZ**

**JAVIER CUESTA**,

Petitioner,

v.

**IMMIGRATION CUSTOMS ENFORCEMENT**,
*et al.*,

Respondents,
_______________________________________________/

**ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS**

**THIS CAUSE** is before the Court on Petitioner Javier Cuesta ("Petitioner")'s Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241. Petitioner argues that their detention exceeds 180 days and is unlawful because the Government has not shown that there is a significant likelihood that he will be removed. *Zadvydas v. Davis*, 533 U.S. 678, 701 (2001). [ECF No. 1].

Petitioner is a native and citizen of Cuba, paroled in to the United States in Miami, Florida on July 24, 2010.On September 22, 2026, the Court issued an Order to Show Cause, directing respondents to respond by October 5, 2026 why the Petition should not be granted. [ECF No. 4]. The Respondents filed a Notice of Non-opposition in response. [ECF No. 7]. Because Petitioner's primary argument relied on the argument that he was not removable, the Court requested additional information from the Petitioner in order clarify ambiguities surrounding Petitioner's criminal history as it relates to his removability. [ECF No. 8]. On October 19, 2026, Petitioner filed his response which included information pertaining to his criminal record, affecting his removability to Cuba. [ECF No. 9]. The Court then directed Respondents to respond a second time in light of the newly available information. [ECF No. 10].

Respondents filed their response on October 27, 2026, explaining that Petitioner's detention does not violate *Zadvydas* because he is set to be removed to Mexico in the near future. After careful consideration, the Petition [ECF No. 1] is **DENIED**.

Section 1231(a) of the INA applies to aliens who are subject to a final order of removal. *See* 8 U.S.C. § 1231(a). After an alien is ordered removed, "the Attorney General shall remove the alien from the United States within a period of 90 days[,]" which is known as the "removal period." *Id*. However, the government may detain a noncitizen only for a period "reasonably necessary" to secure his removal, with the presumption that for the first six months, detention is presumptively reasonable. *Zadvydas v. Davis*, 533 U.S. 678, 701. Thus, to state a *Zadvydas* claim, a petitioner must: "(1) show that he's been detained for more than six months; and (2) establish that there's no significant likelihood of removal in the foreseeable future." *Akinwale v. Ashcroft*, 287 F.3d 1050, 1052 (11th Cir. 2002).

Here, the Government does not challenge the fact that Petitioner has been detained in excess of six months. [ECF No. 11]. It is undisputed that Petitioner has been in custody well over the 180 day presumptively reasonable period. *Id*. However, the Government has shown in their Response not only that Petitioner is likely to be removed in the near future. On August 5, 2026, Petitioner refused to sign the Notice of Removal to third country of Mexico and served a Notice of Failure to Comply. [ECF No. 11-3, ¶20-21]. Petitioner was nominated for removal to Mexico again and subsequently moved to Alexandria Staging Facility in Louisiana and then Florence Staging Facility in Arizona. *Id*.

Accordingly, there is no reason to believe that there is no significant likelihood of removal in the future. In fact, Petitioner appears to be in the final stages of removal to Mexico. [ECF No. 11]. Respondents submit that: 1) Mexico "routinely accepts Cuban nationals for

removal without a need for travel documents; 2) "Mexico has accepted Cuban nations for removal with similar criminal history as Petitioner," 3) "Mexico does not require Cuban nationals … to sign a Notice of Removal to Mexico as a condition of acceptance; 4) "Petitioner's removal is not conditioned on Petitioner's voluntary agreement to self deport"; and 5) "ICE ERO will transfer Petitioner to the Southern Bordern of the united States within 30 days in order to effectuate removal to Mexico." [ECF No. 11, at 6]. Thus, the Court finds that Petitioner's *Zadvydas* claim lacks merit.

Accordingly, it is **ORDERED** that Petitioner's Petition for Writ of Habeas Corpus [ECF No. 1] is **DENIED**. The Clerk is directed to **CLOSE** this case and **DENY AS MOOT** any pending motions.

**DONE AND ORDERED** in Fort Lauderdale, Florida this 28th day of October 2026.

JEFFREY T. KUNTZ
UNITED STATES DISTRICT JUDGE

Cc: counsel of record
petitioner, *pro se*